DECISION AND JUDGMENT ENTRY
{¶ 1} This administrative appeal is before the court following the November 15, 2005 judgment of the Lucas County Court of Common Pleas. That court affirmed the decision of the Nuisance Abatement Housing Appeals Board ("NAHAB") which ruled that part of appellant's property constituted a nuisance. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} The relevant facts of the case are as follows. On August 4, 2004, Merle Abbott, owner of the property located at 580 Palmwood, Toledo, Ohio, was served with a notice that her property was in violation of Toledo Municipal Code 1726.01. Abbott rents the property to appellant, Blondell Dixon. The notice stated that the property was classified as a nuisance as the yard contained tall grass and weeds, junk, debris, trash and litter, and Abbott was ordered to immediately correct the condition.
 {¶ 3} On August 11, 2004, Dixon responded to the notice by appealing to the NAHAB.[1] On September 2, 2004, the NAHAB held a hearing at which appellant claimed the grasses at issue were ornamental grasses and herbs. Following the hearing, the NAHAB ruled that the side and rear of the property constituted a nuisance.
 {¶ 4} Appellant appealed the NAHAB ruling to the Lucas County Court of Common Pleas, in which she challenged section 1726.01 of the Toledo Municipal Code as being unconstitutionally vague. On November 15, 2005, the Lucas County Court of Common Pleas issued an opinion and judgment entry affirming the decision of the NAHAB and upholding the constitutionality of Toledo Municipal Code 1726.01. This appeal followed.
 {¶ 5} On appeal, appellant raises one assignment of error:
 {¶ 6} "1. The lower court erred in concluding that the nuisance ordinance gave adequate notice of what behavior or practice is forbidden"
 {¶ 7} The nuisance ordinance at issue, section 1726.01 of the Toledo Municipal Code states in relevant part:
 {¶ 8} "(a) `Public nuisance' means * * * any fence, wall, shed, deck, house, garage, building, structure or any part of any of the aforesaid; or any tree, pole, smokestack * * * or any lot, land, yard, premises or location which in its entirety, or in any part thereof, by reason of the condition in which the same is found or permitted to be or remain, shall or may endanger the health, safety, life, limb or property, or cause any hurt, harm, inconvenience, discomfort, damage or injury to any one or more individuals in the City, in any one or more of the following particulars:
 {¶ 9} "(1) By reason of being a menace, threat and/or hazard to the general health of the community.
 {¶ 10} "(2) By reason of being a fire hazard.
 {¶ 11} "(3) By reason of being unsafe for occupancy, or use on, in, upon, about or around the aforesaid premises.
 {¶ 12} "(4) By reason of lack of sufficient or adequate maintenance of the structure, location and/or premises * * * which depreciates the enjoyment and use of property in the immediate vicinity to such an extent that it is harmful to the community in which such structure, location or premises is situated or such condition exists."
 {¶ 13} Appellant argues that the statute is vague in that it does not specifically contain any reference to vegetation or weeds. Appellant contends that this vagueness renders it impossible for a property occupant to be put on notice of what conduct is prohibited, and, therefore, her due process rights were violated.
 {¶ 14} The standard of review for an appellate court in an administrative appeal is narrow in scope and requires that the common pleas court's decision be affirmed unless we find, as a matter of law, that the decision is not supported by a preponderance of reliable, probative, and substantial evidence.Smith v. Granville Twp. Bd. of Trustees (1998),81 Ohio St.3d 608, 613. "The fact that the court of appeals * * * might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Lorain City Bd. ofEdn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261.
 {¶ 15} In weighing a constitutional challenge to a law, a court must "adhere to the oft-stated rule that a court's power to invalidate a statute `is a power to be exercised only with great caution and in the clearest of cases.'" Buckley v. Wilkins,105 Ohio St.3d 350, 2005-Ohio-2166, at ¶ 18, quoting Yajnik v. AkronDept. of Health, Hous. Div., 101 Ohio St.3d 106, 2004-Ohio-357, at ¶ 16. "Laws are entitled to a `strong presumption of constitutionality and any party challenging the constitutionality of a law `bears the burden of proving that the law is unconstitutional beyond a reasonable doubt.'" Id.
 {¶ 16} The court in Buckley further stated that "`[t]he due process clause of the Constitution provides the foundation for the void for vagueness doctrine.'" Id. at ¶ 17, quoting ColumbiaNatural Resources, Inc. v. Tatum (C.A.6, 1995), 58 F.3d 1101,1104. "[A] `civil statute that is not concerned with the First Amendment is only unconstitutionally vague if it is "`"so vague and indefinite as really to be no rule [or standard] at all"' or if it is `"substantially incomprehensible."'" (Citations omitted.) Id. at ¶ 19.
 {¶ 17} The present case is analogous to the situation presented in City of Bowling Green v. Schabel, 6th Dist. No. WD-15-013, 2005-Ohio-6522. In Schabel, appellant argued that a noise ordinance was unconstitutionally vague and did not give fair notice to an ordinary person as to the conduct that was prohibited. Id. at ¶ 20. Upon review, we held that the language of the statute at issue therein was not vague, specifically allowing a "catch-all" provision that incorporates a reasonable person standard to circumvent any vagueness. Id. at ¶ 22. Additionally, where words were left undefined in the statute, we attached a plain meaning, construing them "according to the rules of grammar and common usage." Id. at ¶ 19.
 {¶ 18} We apply the same principles found in Schabel to the present case. The wording of the statute defines a public nuisance as "any * * * yard * * * which * * * endanger[s] the health [of] * * * or cause[s] * * * inconvenience * * * to any * * * individuals in the City * * * [b]y reason of lack of sufficient or adequate maintenance of the * * * premises * * *." It is clear that a reasonable person would believe the deeply overgrown grasses and other vegetation would, at the very least, cause inconvenience to those near the property. It is also not unreasonable to believe that those passing by would be inconvenienced or possibly harmed due to the dense vegetation. Additionally, there was no need for the statute to define the terms "vegetation" or "weed" because the statute includes a person's yard as a part of the area qualifying for a public nuisance. Accordingly, we hold that appellant had adequate notice she could be held in violation of the statute, and the statute is not void for vagueness. Appellant's assignment of error is not well taken.
 {¶ 19} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Skow, J. concur.
[1] As the person who has charge, care of, or control of the premises, Dixon has standing to bring this action. Toledo Municipal Code 1726.01(b)(2)(c)(1).